UNITED STATES OF AMERICA
UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

WILLIAM E. BECKWITH,

        Petitioner,         Case No. 1:11-cv-1031

v.        Honorable Robert J. Jonker

KENNETH McKEE,

        Respondent.
_____/

## OPINION

This is a habeas corpus action brought by a state prisoner under 28 U.S.C. § 2254. Promptly after the filing of a petition for habeas corpus, the Court must undertake a preliminary review of the petition to determine whether "it plainly appears from the face of the petition and any exhibits annexed to it that the petitioner is not entitled to relief in the district court." Rule 4, RULES GOVERNING § 2254 CASES; *see* 28 U.S.C. § 2243. If so, the petition must be summarily dismissed. Rule 4; *see Allen v. Perini*, 424 F.2d 134, 141 (6th Cir. 1970) (district court has the duty to "screen out" petitions that lack merit on their face). A dismissal under Rule 4 includes those petitions which raise legally frivolous claims, as well as those containing factual allegations that are palpably incredible or false. *Carson v. Burke*, 178 F.3d 434, 436-37 (6th Cir. 1999). After undertaking the review required by Rule 4, the Court concludes that Petitioner has failed to exhaust his available state-court remedies as to all claims raised in the petition. The Court will grant Plaintiff's motion for a stay of the proceedings pending exhaustion of his claims in the state courts.

**Discussion**

    I.       Factual allegations

Petitioner currently is incarcerated at the Bellamy Creek Correctional Facility. He was convicted in the Kalamazoo County Circuit Court of two counts of first-degree criminal sexual conduct (CSC I) and one count of second-degree criminal sexual conduct (CSC II). The trial court sentenced him on November 3, 2008, to concurrent prison terms of eleven to thirty years for each of the CSC I convictions and eighty-four months to fifteen years for the CSC II conviction. The Michigan Court of Appeals affirmed Petitioner's convictions on July 29, 2010. Petitioner did not seek leave to appeal in the Michigan Supreme Court.

Petitioner now raises the following ten grounds for habeas corpus relief in his amended petition (docket #5):

    I.      DUE PROCESS VIOLATED WHERE CONVICTION BASED ON PREJUDICIAL UNNOTICED, IMPROPER BAD [ACTS] EVIDENCE, WHEN PROSECUTOR ELICITED TESTIMONY THAT [PETITIONER] MOLESTED OTHER SISTERS.

    II.     DUE PROCESS DENIED WHERE PROSECUTOR COMMITTED MISCONDUCT BY ELICITING INADMISSIBLE OPINION TESTIMONY FROM POLICE OFFICER.

    III.    THE COURT ALLOWED THE PROSECUTION TO EXPAND THE OFFENSE DATE ONLY AFTER CHILD VICTIM TESTIFIED AND [PETITIONER] HAD SUCCESSFULLY DEFENDED HIMSELF BY PROVING THAT THE OFFENSE COULD NOT HAVE OCCURRED WHEN ALLEGED.

    IV.    TRIAL COURT ALLOWED INADMISSIBLE EVIDENCE OF OFFICER'S TESTIMONY REGARDING PRIOR EXPLANATIONS FOR DELAYED REPORTING PURSUANT TO MRE 803(3).

    V.     PETITIONER WAS DEPRIVED OF HIS SIXTH AMENDMENT RIGHT TO EFFECTIVE ASSISTANCE OF COUNSEL, AND HIS SIXTH AMENDMENT RIGHT TO A PUBLIC TRIAL WHEN THE JUDGE CLOSED THE COURTROOM TO THE PUBLIC ON TWO OCCASIONS

        DURING VOIR DIRE WITHOUT A HEARING OR COMPELLING REASON, AND WHERE COUNSEL FAILED TO OBJECT.

VI.    TRIAL COUNSEL DEPRIVED PETITIONER OF HIS SIXTH AMENDMENT RIGHT TO EFFECTIVE ASSISTANCE AND DEPRIVED PETITIONER OF THE RIGHT TO CHALLENGE THE STATE'S EVIDENCE BY CONDUCTING FORENSIC EXAMINATION OF THE ORIGINAL COPY OF A JOURNAL WHICH ALLEGEDLY SHOWED THE DATE OF THE ALLEGED CRIME WHERE SOURCE OF THE JOURNAL (CHILD'S MOTHER) HAD REPEATEDLY BEEN ARRESTED AND/OR CONVICTED AND/OR FOUND TO HAVE LIED AND OTHERWISE FALSIFIED DOCUMENTS, COMMITTED FRAUD, AND HAD PARTICIPATED IN THE CHILD MAKING THE SAME ALLEGATIONS AGAINST ANOTHER MAN.

VII.   PETITIONER WAS DEPRIVED OF HIS RIGHT TO A FAIR TRIAL AND TO THE []EFFECTIVE ASSISTANCE OF COUNSEL FOR LACK OF OBJECTION AND NO MOTION FOR MISTRIAL OR INSTRUCTION, WHERE A POTENTIAL JUROR -- A COURT-APPOINTED SPECIAL ADVOCATE IN ABUSE CASES -- HELD HERSELF OUT TO BE AN EXPERT AND STATED TO THE JURY POOL THAT ALL OF THE THERAPISTS THINK THAT CHILDREN DO NOT LIE ABOUT SEXUAL ABUSE.

VIII.  PETITIONER WAS DEPRIVED OF THE EFFECTIVE ASSISTANCE OF COUNSEL, WHERE COUNSEL FAILED TO ADEQUATELY INVESTIGATE AND SUPPORT WITH DOCUMENTATION EVIDENCE OF THE AMERICAN CAMPGROUNDS BEING SO FULL THAT PETITIONER WAS UNABLE TO ACCESS THE CAMPGROUND DURING MOST OR ALL OF THE PERIOD IN QUESTION, WHICH WOULD REFUTE THE CLAIM BY THE COMPLAINANT THAT THERE WERE NO OTHER CUSTOMERS USING THE CAMPGROUND.

IX.    PETITIONER WAS DEPRIVED OF THE EFFECTIVE ASSISTANCE OF COUNSEL WHERE COUNSEL OBJECTED LATE OR NOT AT ALL TO THE PROSECUTOR'S COACHING THE JURORS TO ASSUME FACTS NOT IN EVIDENCE AND WHERE THE PROSECUTOR REPEATEDLY REDEFINE[D] REASONABLE DOUBT.

X.     PETITIONER WAS DEPRIVED OF THE EFFECTIVE ASSISTANCE OF APPELLATE COUNSEL WHO WORKED WITH A CONFLICT OF INTEREST AND WHO FAILED TO TIMELY FILE PETITIONER'S MOTION FOR ORAL ARGUMENT BEFORE THE COURT OF APPEALS, AND WHERE COUNSEL FAILED TO NOTIFY PETITIONER OF THE APPELLATE COURT'S DECISION OR TO INFORM

PETITIONER OF THE NEXT STEP IN THE PROCESS, CAUSING PETITIONER TO DEFAULT AND TO MISS THE 1-YEAR AEDPA FILING DEADLINE.

Petitioner raised only Grounds I though IV on direct appeal in the Michigan Court of Appeals. He filed a separate motion (docket #2) seeking a stay of the proceedings while he exhausts his claims in the state courts.[1]

## II. Failure to exhaust available state-court remedies

Before the Court may grant habeas relief to a state prisoner, the prisoner must exhaust remedies available in the state courts. 28 U.S.C. § 2254(b)(1); *O'Sullivan v. Boerckel*, 526 U.S. 838, 842 (1999). Exhaustion requires a petitioner to "fairly present" federal claims so that state courts have a "fair opportunity" to apply controlling legal principles to the facts bearing upon a petitioner's constitutional claim. *See O'Sullivan*, 526 U.S. at 842; *Picard v. Connor*, 404 U.S. 270, 275-77 (1971), *cited in Duncan v. Henry*, 513 U.S. 364, 365 (1995), and *Anderson v. Harless*, 459 U.S. 4, 6 (1982). To fulfill the exhaustion requirement, a petitioner must have fairly presented his federal claims to all levels of the state appellate system, including the state's highest court. *Duncan*, 513 U.S. at 365-66; *Wagner v. Smith*, 581 F.3d 410, 414 (6th Cir. 2009); *Hafley v. Sowders*, 902 F.2d 480, 483 (6th Cir. 1990). "[S]tate prisoners must give the state courts one full opportunity to resolve any constitutional issues by invoking one complete round of the State's established appellate review process." *O'Sullivan*, 526 U.S. at 845. The district court can and must raise the exhaustion issue

---

[1] While not included as a ground for relief in his amended petition, Petitioner states in his motion for a stay that he intends to raise an eleventh claim relating to the seizure of funds under the State Correctional Facility Reimbursement Act, MICH. COMP. LAWS § 800.403(3). However, because the seizure of Petitioner's private funds to reimburse the state for the cost of his incarceration does not concern his state-court conviction or the duration of his confinement, the issue may not be raised in a habeas corpus action. *See Preiser v. Rodriguez*, 411 U.S. 475, 500 (1973).

*sua sponte*, when it clearly appears that habeas claims have not been presented to the state courts. *See Prather v. Rees*, 822 F.2d 1418, 1422 (6th Cir. 1987); *Allen*, 424 F.2d at 138-39.

Petitioner bears the burden of showing exhaustion. *See Rust v. Zent*, 17 F.3d 155, 160 (6th Cir. 1994). Petitioner concedes that Grounds V through X are unexhausted because they were not raised in his direct appeal to the Michigan Court of Appeals. In order to be properly exhausted, Grounds V through X also had to be raised in the Michigan Supreme Court. *See Duncan*, 513 U.S. at 365-66. Moreover, while Petitioner raised Grounds I through IV in the Michigan Court of Appeals, those claims also are unexhausted because they were not raised in the Michigan Supreme Court. *Id.* Consequently, none of Plaintiff's grounds for relief were properly exhausted in the state courts. An applicant has not exhausted available state remedies if he has the right under state law to raise, by any available procedure, the question presented. 28 U.S.C. § 2254(c). Petitioner has at least one available procedure by which to raise the unexhausted issues he has presented in this application. He may file a motion for relief from judgment under MICH. CT. R. 6.500 *et. seq*. Under Michigan law, one such motion may be filed after August 1, 1995. MICH. CT. R. 6.502(G)(1). Because Petitioner has not yet filed his one allotted motion, he may exhaust his claim by filing a motion for relief from judgment.

Under *Rose v. Lundy*, 455 U.S. 509, 22 (1982), district courts are directed to dismiss mixed petitions[2] without prejudice in order to allow petitioners to return to state court to exhaust remedies. However, since the habeas statute was amended to impose a one-year statute of limitations on habeas claims, *see* 28 U.S.C. § 2244(d)(1), dismissal without prejudice often effectively precludes future federal habeas review. This is particularly true after the Supreme Court

---

[2] A "mixed petition" is a habeas corpus petition that contains both exhausted and unexhausted claims.

ruled in *Duncan v. Walker*, 533 U.S. 167, 181-82 (2001), that the limitations period is not tolled during the pendency of a federal habeas petition. As a result, the Sixth Circuit adopted a stay-and-abeyance procedure to be applied to mixed petitions. *See Palmer v. Carlton*, 276 F.3d 777, 781 (6th Cir. 2002). In *Palmer*, the Sixth Circuit held that when the dismissal of a mixed petition could jeopardize the timeliness of a subsequent petition, the district court should stay the proceedings until the petitioner has exhausted his claims in the state court. *Id.*; *see also Griffin v. Rogers*, 308 F.3d 647, 652 n.1 (6th Cir. 2002). While the instant case does not present a mixed petition because none of Petitioner's claims are exhausted, the Court will assume that *Palmer's* stay-and-abeyance procedure also applies to a "non-mixed" petition because the impact would be the same if the Court were to dismiss his petition.

Petitioner's application is subject to the one-year statute of limitations provided in 28 U.S.C. § 2244(d)(1). Under § 2244(d)(1)(A), the one-year limitation period runs from "the date on which the judgment became final by the conclusion of direct review or the expiration of the time for seeking such review." The Michigan Court of Appeals affirmed Petitioner's conviction on July 29, 2010, and he did not seek leave to appeal in the Michigan Supreme Court. Where a petitioner has failed to pursue an avenue of appellate review available to him, the time for seeking review at that level is counted under § 2244(d)(1)(A). *See* 28 U.S.C. § 2244(d)(1)(A) (time for filing a petition pursuant to § 2254 runs from "the date on which the judgment became final by the conclusion of direct review *or the expiration of time for seeking such review*") (emphasis added). However, such a petitioner is not entitled to also count the 90-day period during which he could have filed a petition for certiorari to the United States Supreme Court. *See United States v. Cottage,* 307 F.3d 494, 499 (6th Cir. 2002) (holding that, in the context of a motion under 28 U.S.C. § 2255, where a petitioner

has failed to file a direct appeal to the court of appeals, the time for filing a petition does not include the ninety-day period for seeking certiorari in the United States Supreme Court because no judgment exists from which he could seek further review in the United States Supreme Court); *United States v. Clay*, 537 U.S. 522, 530-31 (2003) (holding that finality is analyzed the same under §§ 2244(d)(1)(A) and 2255). Here, since the Supreme Court will review only final judgments of the "highest court of a state in which a decision could be had . . . ," 28 U.S.C. § 1257(a), the decision must be considered final at the expiration of the 56-day period for seeking review in the Michigan Supreme Court. *Roberts v. Cockrell*, 319 F.3d 690, 694-95 (5th Cir. 2003); *Kapral v. United States*, 166 F.3d 565, 577 (3rd Cir. 1999); *Ovalle v. United States*, No. 02-1270, 2002 WL 31379876, at *2 (6th Cir. Oct. 21, 2002) (citing *Wims v. United States*, 225 F.3d 186, 188 (2d Cir. 2000)). Petitioner's conviction therefore became final on September 23, 2010.

Petitioner had one year, until September 23, 2011 in which to file his petition. Under Sixth Circuit precedent, the application is deemed filed when handed to prison authorities for mailing to the federal court. *Cook v. Stegall*, 295 F.3d 517, 521 (6th Cir. 2002). Petitioner dated his application on September 19, and it was received by the Court on September 26, 2011. Thus, it must have been handed to prison officials for mailing at some time between September 19 and 26. For purposes of this opinion, the Court will give Petitioner the benefit of the earliest possible filing date. Accordingly, the petition was timely filed on September 19, 2011. *See Brand v. Motley*, 526 F.3d 921, 925 (6th Cir. 2008) (holding that the date the prisoner signs the document is deemed under

Sixth Circuit law to be the date of handing to officials) (citing *Goins v. Saunders*, 206 F. App'x 497, 498 n.1 (6th Cir. 2006)).[3]

The *Palmer* Court stated that thirty days is a reasonable amount of time for a petitioner to file a motion for post-conviction relief in state court, and another thirty days is a reasonable amount of time for a petitioner to return to federal court after he has exhausted his state-court remedies. *Palmer*, 276 F.3d at 721; *see also Griffin*, 308 F.3d at 653 (holding that sixty days amounts to mandatory period of equitable tolling under *Palmer*).[4] Because the statute of limitations expired on September 23, 2011, Petitioner does not have the necessary 30 days to file a motion for post-conviction relief or the additional 30 days to return to this court before expiration of the statute of limitations. As a result, were the Court to dismiss the petition without prejudice for lack of exhaustion, the dismissal would jeopardize the timeliness of any subsequent petition. *Palmer*, 276 F.3d at 781.

The Supreme Court has held, however, that the type of stay-and-abeyance procedure set forth in *Palmer* should be available only in limited circumstances because over-expansive use of the procedure would thwart the AEDPA's goals of achieving finality and encouraging petitioners to first exhaust all of their claims in the state courts. *See Rhines v. Weber*, 544 U.S. 269, 277 (2005). In its discretion, a district court contemplating stay and abeyance should stay the mixed petition pending prompt exhaustion of state remedies if there is "good cause" for the petitioner's failure to exhaust, if the petitioner's unexhausted claims are not "plainly meritless" and if there is

---

[3] The issue of the statute of limitations shall remain open to further review by the Court in the event that Respondent can show that Petitioner handed his habeas petition to prison officials for mailing after September 23, 2011.

[4] The running of the statute of limitations is tolled while "a properly filed application for State post-conviction or other collateral review with respect to the pertinent judgment or claim is pending." 28 U.S.C. § 2244(d)(2).

no indication that the petitioner engaged in "intentionally dilatory litigation tactics." *Id.* at 278. Moreover, under *Rhines*, if the district court determines that a stay is inappropriate, it must allow the petitioner the opportunity to delete the unexhausted claims from his petition, especially in circumstances in which dismissal of the entire petition without prejudice would "unreasonably impair the petitioner's right to obtain federal relief." *Id.*

Petitioner asserts ineffective assistance of appellate counsel as cause for his failure to exhaust his claims on direct appeal. He contends that his appellate counsel failed to raise meritorious issues on appeal, failed to notify him when his appeal was decided by the Michigan Court of Appeals and failed to inform him of the next step in the process, which caused Petitioner to miss the filing deadline in the Michigan Supreme Court. Petitioner's allegations are sufficient to establish cause. In addition, Petitioner's unexhausted claims are not plainly meritless and there is no indication that he has engaged in intentionally dilatory litigation tactics. Because Petitioner has satisfied the *Rhines* requirements, the Court will grant a stay of the proceedings while Petitioner exhausts his state-court remedies.

## Conclusion

The Court finds that Petitioner has failed to exhaust his state-court remedies with regard to all ten grounds for habeas corpus relief set forth in his petition. The Court will grant Petitioner a stay of these proceedings pending exhaustion of his state-court remedies. A separate order will issue setting forth the terms of the stay.

Dated:     December 12, 2011                /s/ Robert J. Jonker
                                                                  ROBERT J. JONKER
                                                                  UNITED STATES DISTRICT JUDGE